### JOHN B. CARPENTER *et al.* FOR AN OPINION.

#### JULY 1, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Wills.   Lapsed Legacies.   Charitable Trusts.*

Bequest to "Teachers' Retirement Fund, meaning the fund maintained for the benefit of the Public School Teachers of the City of Providence". Before the bequest was paid, the Teachers Retirement Fund had ceased to exist, having become merged by legislative act in the Retirement System of the city.   The teachers who were beneficiaries under the Retirement Fund were being paid their annuities out of funds of the Retirement System.

*Held,* that the Teachers Retirement Fund was not a charity.

*Held,* further that the bequest was not made to the retired teachers and they were not entitled to the money bequeathed and on account of the non-existence of the legatee named the legacy failed and fell into the residue.

QUESTIONS stated in the form of a special case for opinion, under Gen. Laws, 1923, par. 4953.

SWEENEY, J.   The parties to this proceeding are all of the parties having adversary interests in questions involving the construction of the eleventh clause in the will of Emma Foster Armington.   They have concurred in stating such questions in the form of a special case for the opinion of this court under authority of Section 4953, G. L. 1923.

Emma Foster Armington died in Providence, January 26, 1924.   Her will was admitted to probate by decree of the Municipal Court of said city March 5, 1924.   An appeal was taken from said decree to the Superior Court.   March 10, 1925, final decree was entered in the Superior Court affirming the decree appealed from.

The eleventh clause of said will is as follows:   "Eleventh. I give and bequeath the sum of Three Thousand ($3000)

Dollars to the Teachers' Retirement Fund, meaning the fund maintained for the benefit of the Public School Teachers of the City of Providence."

Before the executor was ready to pay the bequest the Teachers' Retirement Fund had ceased to exist because it had become merged in the Retirement System of said city.

On account of the non-existence of the Teachers' Retirement Fund the executor and the two residuary legatees of said will claim that the eleventh clause is a void or lapsed bequest and that the amount of the bequest falls into the residuum of the estate. Avis A. Hawkins, one of the petitioners, was a beneficiary under the School Teachers' Retirement Fund. She represents a class of beneficiaries under said fund and opposes the claim of the executor and legatees. She contends that said bequest constitutes a charitable trust which should be used for the benefit of the school teachers who have retired from teaching in the public schools of Providence. The Retirement Board of said Retirement System joins in the claim of Avis A. Hawkins.

The parties concur in asking this court for an opinion on the following questions: (1) Does the legacy of $3,000 established by the eleventh clause of the will fall into the residue of the estate because the Teachers' Retirement Fund therein mentioned has ceased to exist? (2) If the court answers the above question "No" to whom should said fund be paid by said executor?

To answer these questions it is first necessary to determine whether the Teachers' Retirement Fund was a charitable trust or the gift in the eleventh clause constituted one. The Teachers' Retirement Fund was established by the school committee of said city under authority of Chapter 485, Public Laws 1897. Teachers appointed after October 1, 1897, were made subject to the provisions of said chapter and those appointed prior thereto might elect to accept the provisions thereof. The Retirement Fund consisted of all moneys received from gifts, donations, bequests or otherwise and a percentage deducted from the salaries of the teachers

in the public schools in said city who had accepted, or were subject to, the provisions of said chapter. The Fund was administered by a board of trustees, which was authorized to invest the funds and pay therefrom annuities to retired teachers. The chapter provided that every teacher who had annually contributed to the fund and had taught a specified number of years in the public schools of said city might retire from such servic⟩ and become a beneficiary thereunder and be paid a limited annuity each year out of said fund by said board of trustees.

The board of trustees continued to administer said fund until March 18, 1925, when they adopted a resolution stating: "That the Teachers' Retirement Fund . . . has become unable to continue the payment of the annuities of the beneficiaries on the roll as of November 20, 1924, the date on which the 'Employees' Retirement System' of the City of Providence was established, at the rates and amounts actually paid to the beneficiaries for the month of April, 1923."

The reason for the passage of this resolution was the establishment of a new and comprehensive system for the retirement and pensioning of nearly all of the employees or officers of the city, including members of the teaching staff of the public schools. Said system is known as the "Retirement System" and has all of the powers and privileges of a corporation. It was created by Chapter 2374 (Chapter 489 Revised Edition) Public Laws 1923, and became operative January 5, 1925.

The Retirement Board of said Retirement System passed a resolution March 19, 1925, directing the transfer of all the cash and securities standing to the credit of the Teachers' Retirement Fund to the "pension accumulation fund" of the Retirement System and that the annuities payable to the beneficiaries of said Teachers Retirement Fund be continued and paid at the same rate and amount as was paid to them during the month of April 1923, such payments to be made from said "pension accumulation fund"; and

that all teachers contributing to said Teachers' Retirement Fund be relieved from further contributions to such fund.

The transfer of the cash and securities from said Teachers' Retirement Fund was duly made to the "pension accumulation fund" of the Retirement System and became merged therein, and the trustees of said Teachers' Retirement Fund ceased to function. Sec. 11 of said Chapter 2374 authorized the passage of both resolutions above referred to and provided that after the transfer of said cash and securities to the "pension accumulation fund" the annuities to the beneficiaries on the rolls of the Teachers' Retirement Fund would be continued and paid at the same rate and amount as was paid during April, 1923, and that such payments should be made from the "pension accumulation fund" of the Retirement System.

The reason for the creation of Teachers' Retirement Funds and their development is stated in *State* v. *Levitan* (Wis.) 193 N. W. 499. *In re Bristol et al.*, 158 N. Y. S. 503, 160 N. Y. S. 410, it was held that the members of a local teachers' retirement fund association created by city charter acquired no vested right in the funds created by contribution of a percentage of the salaries of those teachers who choose to become members, and by gifts, bequests and otherwise and that the transfer of such funds from the local fund custodian to the state teachers' retirement fund board could be compelled to be made under the State law. Dillon on Municipal Corporations, Vol. 1, p. 755, says: "The direction of the State that the fund should be one for the benefit of the officer or his representative under certain conditions is subject to change or revocation at any time at the will of the Legislature. There is no contract on the part of the State that its disposition shall always continue as originally provided. Until the particular event should happen upon which the money, or a part of it, is to be paid, there is no vested right in the officer to such payment. His interest in the fund is, until then, a mere expectancy created by the law and liable to be revoked or destroyed by the same authority."

The Teachers' Retirement Fund was not a "charity". It was to be made up of money deducted from the salaries of the teachers with the addition of any gifts, donations or bequests thereto. The bequest made by the eleventh clause of the will of the testatrix was an absolute gift to said Teachers' Retirement Fund. It was not made upon any condition or for any special purpose. If the amount of the bequest had been paid into said Teachers' Retirement Fund before its existence ceased, it would have become merged therein and would have passed, with the other cash and securities composing it, to the "pension accumulation fund" of the Retirement System. There is now no Teachers' Retirement Fund. It has ceased to exist. The chapter creating this Fund was practically repealed when the voters of Providence accepted the provisions of the chapter creating the Retirement System.

The officers of the Retirement System disclaim any right to the bequest. It can not be paid to the Teachers' Retirement Fund on account of its non-existence. The teachers who were beneficiaries under said Teachers' Retirement Fund are being paid the annuities due them out of the pension accumulation fund of the Retirement System. The bequest in the eleventh clause was not made to the retired teachers and they are not entitled to the money bequeathed.

On account of the non-existence of the legatee named in the eleventh clause the legacy fails and falls into the residuum of the estate and passes under the residuary clause of the will. *Woodward* v. *Congdon*, 34 R. I. 316; *Nickerson, Exr.* v. *Bragg*, 21 R. I. 296; *In re Will of Isaac Reynolds,* 20 R. I. 429; *Peckham* v. *Newton*, 15 R. I. 321. For cases somewhat analogous to the present one see *Wood* v. *Hammond*, 16 R. I. 98, 116 and *Gladding* v. *St. Matthew's Church*, 25 R. I. 628.

Our answer to the first question is "Yes". On account of this answer it is unnecessary to answer the second question.

On July 6, 1926, counsel may present a decree in accordance with this opinion.

*McGovern & Slattery, Edwards & Angell,* for residuary legatees.

*John W. Baker,* for Avis A. Hawkins.